[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 5, 1990 in New York, New York. The plaintiff has resided in Connecticut since August 1990. There is one minor child issue of the marriage: Jason Armin, born July 12, 1991.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow:
The parties have been married for approximately 3 1/2 years. They have lived apart since March of 1993. The defendant wife claimed the husband was stingy and physically abusive. The plaintiff husband claimed they had many arguments over petty matters and the defendant wife wanted to spend a great amount of time with her family in Queens, New York.
Both parties were born in Iran and both parties have embraced the Jewish religion. The plaintiff husband is 37 years old and in good health. He has been steadily employed as an engineer at Turbine Components since 1984. He earned his Masters in Mechanical CT Page 2379 Engineering in 1983. He earns approximately $42,588. per year according to his financial affidavit. His 1993 ADP Report indicates a gross of $42,329.64 (Plaintiff's Exhibit 5).
The defendant wife is 28 years of age. She has no working skills. She is presently attending a Hair Dressing Academy in addition to taking care of the parties' minor child who will be three years old in July 1994.
There was not a scintilla of evidence to verify the plaintiff husband's testimony that the sum of $30,000 came from the plaintiff's family and was sent by the plaintiff to his sister in California for her dowry.
It also appears that the plaintiff inappropriately claimed several dependents on the joint 1991 and 1992 Income Tax returns thereby generating substantial tax refunds. There was no credible evidence to support the plaintiff claiming his in-laws, his brother-in-law, his parents and brother as dependents for income tax purposes; now was there any evidence that any of these people lived in the plaintiff's home.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their marital relationship.
The following orders shall enter:
A. Custody Visitation
1. There shall be joint legal custody of the minor child with physical custody to the defendant mother.
2. The plaintiff shall have reasonable rights of visitation which shall include alternate weekends from Friday at 6:00 PM to Sunday at 6:00 PM. In addition, the plaintiff shall have reasonable rights of visitation during certain religious holidays such as Passover, Sukkot, Rosh Hashana and Purim, in addition to the seasonal holidays such as Father's Day, Thanksgiving and July 4th.
3. The defendant wife shall give the plaintiff husband 60 days notice of intent to remove the child from the State of New York or Connecticut.
4. The defendant wife shall not remove the child outside the CT Page 2380 continental United States without further order of this Court.
B. Child Support
1. The plaintiff shall pay to the defendant by way of child support the sum of $125.00 per week until the child reaches the age of 18 years, becomes emancipated or dies. Said order shall commence immediately.
2. An immediate wage withholding is ordered.
C. Alimony
1. The plaintiff shall pat to the defendant as periodic alimony the sum of $100 per week for a period of 5 years or the plaintiff's death, the defendant's death or remarriage or cohabitation as defined by statute, whichever one shall first occur.
2. The defendant is being awarded time limited alimony for a period of 5 years, to give her an opportunity to complete Hairdressing school and establish herself in the business world. In years, the minor child will be in school on a full time basis giving the defendant more flexibility in the business world.
3. An immediate withholding is ordered.
D. Medical Insurance
1. The plaintiff shall maintain medical and health insurance coverage as is available at his place of employment for the benefit of the minor child.
2. Any unreimbursed medical expenses for the minor child shall be equally divided between the parties.
E. Life Insurance
1. The plaintiff shall provide and maintain life insurance in the amount of $40,000 (Forty Thousand Dollars) naming the minor child and the defendant as beneficiaries thereon for so long as the plaintiff has an obligation for alimony and/or child support.
2. This provision shall be modifiable. CT Page 2381
F. Miscellaneous
1. The plaintiff shall hold the defendant harmless from any liability arising out of the filing of the Income Tax returns for the years 1990, 1991 and 1992.
2. The plaintiff shall be entitled to claim the minor child as a dependent for Income Tax purposes provided he is current in the child support payments as of December 31st.
3. The plaintiff shall be entitled to his pension benefits and the defendant shall have no claim thereto.
4. The plaintiff shall be responsible for the debts as listed on his financial affidavit and shall hold the defendant harmless from any liability on said debts.
G. Counsel fees
1. The plaintiff shall pay to the defendant as counsel fees, the sum of $1500 within 60 days of date.
H. Change of Name
1. The defendant is granted a change of name to YOUSIAN.
COPPETO, J.